REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1895

September Term, 2011

_____

WADE SMITH

v.

STATE OF MARYLAND

_____

Krauser, C. J.,
Meredith,
Thieme, Raymond, G., Jr.,
 (Retired, Specially Assigned),

JJ.

_____

Opinion by Krauser, C. J.

_____

Filed: October 1, 2014

In 1994, Wade Smith, appellant, a native of Jamaica and "lawful permanent resident" of the United States, pleaded guilty, in the Circuit Court for Baltimore City, to possession with intent to distribute marijuana. Although Smith never filed an application for leave to appeal his conviction, he did file, more than seventeen years after his plea, in 2011, a petition for writ of error coram nobis. In that petition, he alleges that his 1994 guilty plea was tendered involuntarily because he was not aware of potential immigration consequences of that plea when he entered it.

The circuit court issued an order, denying Smith's petition without a hearing and without the required statement of reasons for the denial, as required by Maryland Rule 15-1207. Smith thereafter noted this appeal, contending that the court erred both in failing to grant him a hearing on his petition and in failing to provide a statement of reasons for the denial.

For the reasons set forth below, we conclude that the court did not err in denying Smith's petition, nor in declining to conduct a hearing before so ruling. The court, however, did err in failing to provide a statement of reasons, as required by Maryland Rule 15-1207. Nonetheless, as we shall later explain, that error does not require a reversal and remand. Accordingly, we affirm.

**DISCUSSION**

A petition for writ of error coram nobis is an independent, civil action that a convicted individual, who is neither serving a sentence nor on probation or parole, may bring to collaterally challenge a criminal conviction. *Skok v. State,* 361 Md. 52, 65, 80

(2000). Coram nobis relief is, however, "extraordinary," *id.* at 72 (quoting *United States v. Morgan,* 346 U.S. 502, 512 (1954)), and therefore limited to "compelling" circumstances rebutting the "presumption of regularity" that ordinarily "attaches to the criminal case." *Id* at 72, 78. The burden of demonstrating such circumstances is on the coram nobis petitioner. *Id.*

To state a cause of action for coram nobis relief, a petitioner must allege: (1) grounds that are of a "constitutional, jurisdictional or fundamental character," *id*. at 78; (2) that he is "suffering or facing significant collateral consequences from the conviction," *id.* at 79; (3) that the grounds for challenging the criminal conviction were not waived or finally litigated in a prior proceeding, *id.*; and (4) that he is not, as a result of the underlying conviction, incarcerated or subject to parole or probation such that he would possess another statutory or common law remedy. *Id.* at 80.

Smith failed to state a claim for coram nobis relief because he did not allege that he was facing significant collateral consequences resulting from his 1994 conviction. Maryland Rule 15-1202(b)(F); *Skok,* 361 Md. at 79. In fact, his only mention of collateral consequences in his petition was the statement: "The spirit of the law as well as justice demands that the conviction be vacated in order to **prevent the Petitioner from adverse immigration consequences**." (Emphasis added.) This statement did not allege that Smith was actually facing significant collateral consequences, but merely sought prevention of any possible immigration consequences he might face. *See Graves,* 215 Md. App. at 353 (noting

2

that "collateral consequences must be actual, not merely theoretical"). Although Smith may have been facing significant collateral consequences resulting from his 1994 conviction when he filed for coram nobis relief, such as deportation proceedings, he did not allege that in his petition. *See Rivera v. State,* 409 Md. 176, 193 (2009) (noting that pending deportation proceedings provide a "significant collateral consequence" for coram nobis relief). Thus, his petition was fatally flawed.

Furthermore, Smith's contention that the circuit court erred in failing to conduct a hearing before denying his petition, is without merit. Maryland Rule 15-1206 governs hearings on petitions for coram nobis relief. Paragraph (a) of the Rule reads in pertinent part: "The court, in its discretion, may hold a hearing on the petition. The court **may deny the petition without a hearing** but may grant the petition only if a hearing is held." (Emphasis added.) Because the court denied, rather than granted, Smith's petition, it was not required to hold a hearing. *Id*.

Smith further contends that the court erred in denying his petition without providing a statement of reasons to support the denial. We agree, but affirm nonetheless.

Maryland Rule 15-1207 provides in pertinent part:

**(a) Statement.** The judge shall prepare and file or dictate into the record a statement setting forth separately each ground on which the petition is based, the federal and state rights involved, the court's ruling with respect to each ground, and the reasons for the ruling.

**(b) Order of Court.** The statement shall include or be accompanied by an order granting or denying relief. If the order is in favor of the petitioner, the court may provide for rearraignment, retrial, custody, bail, discharge,

3

correction of sentence, or other matters that may be necessary and proper.

Such a statement was not part of the order denying relief, nor did the court dictate its reasoning into the record. Thus, the court did not comply with Rule 15-1207.

Although Rule 15-1207 is silent as to the consequences for noncompliance, Rule 1-201, which sets forth rules for interpreting the Maryland Rules, does provide some assistance:

> **(a) General.** These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

Rule 1-201 requires that we either remand for a statement of reasons, or determine the consequences of noncompliance in light of the totality of circumstances and purposes of Rule 15-1207. In the absence of any reported decisions interpreting the purpose of Rule 15-1207, we turn to the text and purpose of a nearly identical, post-conviction rule, Rule 4-407, which provides:

> **(a) Statement.** The judge shall prepare and file or dictate into the record a statement setting forth separately each ground upon which the petition is based, the federal and state rights involved, the court's ruling with respect to each ground, and the reasons for the action taken thereon. If dictated into the record, the statement shall be promptly transcribed.
>
> **(b) Order of Court.** The statement shall include or be accompanied by an order either granting or denying relief. If the order is in favor of the petitioner, the court may provide for rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper.

4

The purpose of this rule, the Court of Appeals noted in *State v. Borchardt,* 396 Md. 586, 636-37 (2007), "is to provide a comprehensive state-court review of a defendant's claims and to eliminate delay and multiple postconviction hearings and federal hearings." This purpose is not served, however, by remanding a matter for the circuit court to provide a statement of reasons when this Court can decide the claims on the record before it. *See id.; Gilliam v. State,* 331 Md. 651, 692 (1993) (declining to remand for a statement of reasons when able to decide the issues on the record). Indeed, remanding this matter would unnecessarily create, rather than eliminate, delay.

In light of the purpose of the nearly identical post-conviction rule, and given the totality of the circumstances here, we conclude that this case should not be remanded for compliance with Rule 15-1207. The record before us is detailed and includes the transcript from the relevant plea colloquy. We need no more than the petition itself, however, to determine that Smith's petition was properly denied. As noted earlier, Smith's petition was deficient on its face in that it failed to allege significant collateral consequences resulting from Smith's guilty plea. Accordingly, we affirm the order denying Smith coram nobis relief despite the circuit court's failure to include a statement of reasons.

**ORDER OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**